**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**BETH SIMONS,**

Plaintiff,

Case No. 26-cv-2016

vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**COLOPLAST CORPORATION,**

and

**COMFORT MEDICAL, LLC,**

Defendants.

---

## COMPLAINT

---

Plaintiff, Beth Simons, by Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Milwaukee County.

2. Defendant, Coloplast Corporation ("Coloplast"), is a corporation organized under the laws of Delaware and headquartered in Roseville, Minnesota. Coloplast's registered agent for service of process is Corporation Service Company located at 2780 Snelling Avenue N, Suite 101, Roseville, MN 55113.

3. Defendant, Comfort Medical, LLC ("Comfort Medical"), is a corporation organized under the laws of Florida and headquartered in Coral Springs, Florida. Comfort Medical's registered agent for service of process in the State of Wisconsin is Corporation Service Company located at 33 E. Main Street, Suite 610, Madison, WI 53703.

4. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is a corporation organized under the laws of Indiana, which is licensed to do business in Wisconsin. Lincoln's registered agent for service of process in the State of Wisconsin is the Corporation Service Company located at 33 E. Main Street, Suite 610, Madison, WI 53703.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B) because Defendants have failed to follow claims procedures under ERISA § 503(2).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action because her claim has been deemed denied by virtue of Defendants' failure to comply with 29 C.F.R. § 2560.503-1 *et seq.*

## FACTS

9. Plaintiff began working as the Payer Credentialing Manager for Comfort Medical in or around June 2024.

10. Comfort Medical is a subsidiary of Coloplast.

11. During the course of Plaintiff's employment with Comfort Medical, Plaintiff became eligible for coverage under Coloplast's short-term disability insurance ("STDI") Plan.

12. Upon information and belief, Plaintiff was also eligible for coverage under Coloplast's long-term disability insurance ("LTDI") Plan through her employment with Comfort Medical.

13. Plaintiff ceased working on or about December 16, 2025 due to her medical conditions, including Lyme Disease, Babesiosis, Bartonellosis, Morgellons Disease, and Prurigo Nodularis.

14. Upon becoming disabled, Plaintiff filed a claim for STDI benefits.

15. On information and belief, Lincoln is the plan administrator and plan sponsor for the STDI Plan.

16. On information and belief, Lincoln is the claims administrator for the STDI Plan.

17. Lincoln denied Plaintiff's claim for STD benefits on March 11, 2026.

18. On information and belief, Lincoln was responsible for determining whether Plaintiff was eligible for STDI benefits.

19. On information and belief, Comfort Medical and Coloplast were responsible for paying Plaintiff's STDI benefits.

20. On May 1, 2026, Plaintiff sent Coloplast a request for plan documents related to any short-term and long-term disability benefits to which she was covered via her employment with Comfort Medical.

21. On May 18, 2026, Plaintiff sent Coloplast a second request for plan documents related to any short-term and long-term disability benefits to which she was covered via her employment with Comfort Medical.

22. On June 1, 2026, Plaintiff sent Coloplast a third request for plan documents related to any short-term and long-term disability benefits to which she was covered via her employment with Comfort Medical.

23. On or around June 9, 2026, Coloplast sent Plaintiff a Short Term Disability Plan in which Sun Life Assurance Company of Canada was alleged to be the Claims Administrator.

24. On or around June 9, 2026, Coloplast also sent Plaintiff a Long Term Disability Income Certificate issued by Sun Life Assurance Company of Canada which became effective after Plaintiff's date of disability on January 1, 2026 and under which insurance does not start until Plaintiff resumed being Actively at Work.

25. To date, Coloplast has never provided Plaintiff with a copy of any STDI plan documents, which are the subject of her claim administer by Lincoln, or LTDI plan documents applicable to the timeframe in which she became disabled.

26. Despite Coloplast's failure to provide the correct STDI or LTDI plan documents to Plaintiff, Plaintiff timely appealed Defendants' denial of her benefit claim on September 6, 2026.

27. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

28. Plaintiff submitted all information requested by the Defendants.

29. On October 12, 2026, Plaintiff submitted supplemental materials in support of her appeal to Lincoln.

30. On or around October 14, 2026, Lincoln sent Plaintiff a letter explaining that there was a delay in her appeal processing due to it being assigned "to a case manager that is not here."

31. On or around October 16, 2026, Lincoln contacted Plaintiff, through her counsel, via phone to request confirmation that Plaintiff had submitted all requested information necessary to decide her claim.

32. On or around October 16, 2026, Plaintiff, through her counsel, responded to Lincoln via phone and left a message explaining that Plaintiff's submissions were complete and that Plaintiff expected a determination on appeal within 45 days of her appeal being submitted by October 21, 2026.

33. On or around October 23, 2026, Lincoln sent Plaintiff, through her counsel, again asking for Plaintiff to confirm whether she intended to submit additional information for her appeal.

34. Coloplast has failed to follow claim procedures under ERISA by not providing Plaintiff with the operative plan documents, thus denying Plaintiff a reasonable opportunity for a full and fair review of her STDI claim and to engage in the appeal process provided for in Lincoln's March 11, 2026 adverse determination letter.

35. Lincoln has failed to follow claim procedures under ERISA by failing to issue a determination on Plaintiff's September 6, 2026 appeal within 45 days.

36. Defendants' failures as described herein have prejudiced Plaintiff's ability to ascertain the Plan's terms and conditions and Lincoln's reasons for denying her claim as well as Plaintiff's ability to prepare and engage in the appeal process.

37. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

38. At all times material to this case, the Plan has remained in full force and effect.

39. Lincoln's denial of Plaintiff's claim for STDI benefits and Coloplast's subsequent failure to provide the operative Plan documents after multiple requests have caused Plaintiff to suffer the loss of both STDI and LTDI benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF STD BENEFITS UNDER SECTION 502(a)(1)(B) OF ERISA (AS TO ALL DEFENDANTS)

40. The preceding paragraphs are reincorporated by reference as though set forth here in full.

41. Plaintiff is entitled to *de novo* review of her claim for STDI benefits because Defendants have failed to exercise any discretion purportedly reserved to Defendants by failing to comply with 29 C.F.R. § 2560.503-1 *et seq.*'s requirements to provide a reasonable claims procedure to Plaintiff.

42. Under ERISA § 503, every employee benefit plan is required to establish and maintain a procedure governing benefit claims and benefit determinations.

43. Coloplast failed to follow its claim procedures by withholding from Plaintiff reasonable access to the plan documents necessary to appeal the STDI adverse benefit determination in a reasonable time.

44. Lincoln failed to provide a reasonable claims procedure when Lincoln failed to issue a determination on appeal of Plaintiff's claim within 45 days of her submission of her appeal or by timely requesting an extension of time to do so due to special circumstances as required by 29 C.F.R. § 2560.530-1(i).

45. As a result of Defendants failure to follow reasonable claims procedures, Plaintiff was denied the opportunity to a full and fair review of her STDI claim and her claim was deemed denied.

46. For these and other reasons, Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

## SECOND CAUSE OF ACTION: DENIAL OF LTD BENEFITS UNDER SECTION 502(a)(1)(B) OF ERISA (AS TO ALL DEFENDANTS)

47. The preceding paragraphs are reincorporated by reference as though set forth here in full.

48. On information and belief, Plaintiff has been disabled as defined by the LTDI Plan at all times since December 16, 2025.

49. On information and belief, Coloplast, Comfort Medical, and/or Lincoln are responsible for paying LTDI benefits under the LTDI Plan.

50. Coloplast's failure to provide the operative LTDI Plan documents to Plaintiff has deprived Plaintiff of a reasonable opportunity to pursue her claim for LTDI benefits.

51. Lincoln's failure to issue a timely determination on Plaintiff's STDI claim has deprived Plaintiff of a reasonable opportunity to pursue her claim for LTDI benefits.

52. Defendants' failures as set forth here effectively equate to a denial of Plaintiff's claim for LTDI benefits.

53. For these and other reasons, Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**THIRD CAUSE OF ACTION:**
**FAILURE TO PROVIDE PLAN DOCUMENTS UNDER SECTION 502(c) OF ERISA (AS TO DEFENDANT COLOPLAST)**

54. The preceding paragraphs are reincorporated by reference as though set forth here in full.

55. ERISA § 104(b)(4) requires that administrators provide copies of plan documents to participants upon receipt of written request of the participant. 29 U.S.C. § 1024(b)(4).

56. ERISA § 502(c)(1) provides for penalties of up to $110 per day when a plan administrator fails to provide requested documentation to a plan participant within 30 days of the request. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

57. Plaintiff was a participant in the STDI and LTDI Plan at all times relevant to this matter.

58. On information and belief, Coloplast is the plan administrator for the STDI and LTDI Plans.

59. Coloplast's failure to provide the STDI and LTDI Plans' document(s) violated Plaintiff's rights by depriving her of relevant information necessary to engage in the appeal process provided for by Lincoln's March 11, 2026 adverse benefit determination and to pursue a separate LTDI claim if necessary.

60. Accordingly, Plaintiff requests that the Court award Plaintiff $110 for each day since May 31, 2026 that Coloplast failed to provide the relevant STDI and LTDI Plans' document(s).

**REQUEST FOR RELIEF**

**WHEREFORE** the Plaintiff, Beth Simons, demands judgment from the Defendants for the following:

A. Payment of all retroactive STDI and LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration that Plaintiff is entitled to ongoing administration of her future LTDI benefits claim;

C. All penalties due pursuant to 29 U.S.C. 1132(c)(1) from Coloplast;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: October 29, 2026.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Beth Simons*

By: *\/s/ Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Carmen L. Lopez, SBN 1122201
5150 N. Port Washington Rd.
Suite 243
Milwaukee, Wisconsin 53217
Telephone: 414-271-8650
Facsimile: 414-207-6079
Email: tmaynard@hq-law.com
clopez@hq-law.com